IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**SERENA PRESTON**                                                                              **PLAINTIFF**

    v.                Civil No. 6:20-cv-06120-MEF

**KILOLO KIJAKAZI, Acting Commissioner,**[1]
**Social Security Administration**                                                         **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF No. 27). On May 19, 2022, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $4,135.60, representing a total of 21.10 attorney hours for work performed in 2020, 2021, and 2022 at an hourly rate of $196.00. (*Id.*). On February 25, 2022, the Commissioner filed a response voicing no objections. (ECF No. 25).

### I. Discussion

The Court finds that the Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the government's decision to deny benefits was not "substantially justified," the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable, and the hourly rates requested for attorney work do not exceed the CPI for any of the years in question.. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (the hourly rate may be increased when there is

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit.

"uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). However, the hourly rate requested exceeds the hourly rate approved for the years in question. Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $4,135.60.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II.     Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$4,135.60** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 23rd day of May 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE